IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES ANDERLOHR, | ) |
| | ) 1:17-cv-00193 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTHWEST CREDIT SYSTEMS, LP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JAMES ANDERLOHR, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, SOUTHWEST CREDIT SYSTEMS, LP, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5.   JAMES ANDERLOHR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Reed City, County of Osceola, State of Michigan.

1

6. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to AT&T Mobility.

7. The debt that Plaintiff allegedly owed AT&T Mobility was for cellular telephone service, which was for the personal use of Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. SOUTHWEST CREDIT SYSTEMS, LP (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant's principal place of business is located in the State of Texas. Defendant is registered as a limited partnership in the State of Michigan.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

### COUNT I: VIOLATION OF THE FDCPA

15. Plaintiff's wife did not owe the Debt.

16. Plaintiff's wife is employed by the Osceola County Sheriff's Department.

17. On or about December 12, 2016, one of Defendant's duly authorized representatives, a gentleman with a strong accent, placed a telephone call to the Osceola County Sheriff's Department and asked to speak with Plaintiff.

18. A Sergeant with the Osceola County Sheriff's Department answered Defendant's call.

19. During the course of the aforesaid telephone call between Defendant and Plaintiff's wife's employer, Defendant asked one of Plaintiff's wife's supervisors to speak with Plaintiff.

20. Defendant was informed that Plaintiff did not work for the Osceola County Sheriff's Department.

21. Defendant immediately and intentionally disconnected the aforesaid telephone call.

22. On or about December 21, 2016, Defendant through, upon information and belief, the same duly authorized representative, placed a second telephone call to the Osceola County Sheriff's Department and asked to speak with Plaintiff.

23. As before, during the aforesaid telephone call, Defendant was informed that Plaintiff did not work for the Osceola County Sheriff's Department.

24. As before, Defendant immediately and intentionally disconnected the aforesaid telephone call.

25. During the course of the aforementioned telephone calls, Defendant's representative did not identify himself and did not state that he was calling to confirm or correct location information for Plaintiff.

26. During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

27. Plaintiff's wife's employer did not request that it be contacted by Defendant.

28. Defendant did not reasonably believe that location information previously provided by Plaintiff's wife's employer was incomplete or erroneous or that Plaintiff's wife's employer had more complete information as to Plaintiff's location.

29. Plaintiff did not consent to Defendant contacting third parties.

30. In its attempts to collect the debt allegedly owed by Plaintiff to AT&T Mobility,

   a. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JAMES ANDERLOHR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

4

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

32. Plaintiff's father is an elderly gentleman that is, unfortunately, suffering from dementia.

33. To assist his father, and to ensure that his father could remain in contact with Plaintiff at all times, Plaintiff purchased a simple flip cellular telephone for his father to use to contact Plaintiff in an emergency.

34. Plaintiff's father does not owe the Debt.

35. Plaintiff's father did not provide consent for Defendant to contact him on his cellular telephone.

36. Plaintiff did not provide consent to Defendant for Defendant to contact Plaintiff using the cellular telephone number Plaintiff had purchased and set up for his father.

37. Notwithstanding the foregoing, Defendant made and/or placed approximately forty (40) telephone calls to Plaintiff's father's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

38. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

39. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, JAMES ANDERLOHR, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

    d. Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

40. Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,
    **JAMES ANDERLOHR**

    By:   s/ David M. Marco
         Attorney for Plaintiff

Dated: March 1, 2017

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com